UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBORAH PARKER, ) | CASE NO. 5:14cv332 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| STARK COUNTY TREASURER, et al, ) | |
| ) | |
| DEFENDANTS. ) | |

## I. INTRODUCTION

On February 14, 2014, plaintiff *pro se* Deborah Parker filed this action against defendants, Stark County Treasurer, the Stark County Auditor, the Stark County Prosecutor, Canton Township, and Helen Walton. Plaintiff alleges in the complaint that she entered into a payment plan with the Stark County Treasurer in 2011 to pay real estate taxes on the property located at 3439 Dueber Avenue in Canton, Ohio. On February 10, 2014, she received a letter from the Stark County Prosecutor stating she was in default on her payments and that she must pay the full amount owing - $4,174.11 - within 10 days or a foreclosure action would be filed. Plaintiff disputes the amount of taxes she owes, and says she did not receive proper notice before she was required to pay the total amount due.

Plaintiff does not cite a federal statute as a basis for jurisdiction, but asserts the following theories in support of her claim for damages: "conspiracy to take the Plaintiff['s] property in retaliation to discrimination charges filed on December 27, 2013, criminal

trespassing, illegal act to demolish Plaintiff's home, and for prosecutorial misconduct." (Compl., Doc. No. 1 at 2.)

Defendants Stark County Treasurer, the Stark County Auditor, the Stark County Prosecutor, and Canton Township filed a Motion to Dismiss on March 12, 2014. (Doc. No. 6.) Plaintiff filed a document styled "Plaintiff's Motion to Deny Defendant[s'] Motion for Dismissal" on March 24, 2014. (Doc. No. 8.) The Court construes plaintiff's filing as an opposition to the government entity defendants' dispositive motion. This matter is, therefore, ripe for disposition.

## II. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of

the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* A plaintiff's failure to identify a particular legal theory places an unfair burden on defendants to speculate on the potential claims being raised against them and the defenses they might assert in response. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)

Even construing the complaint liberally, it does not set forth a valid federal claim. *See, e.g., Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Plaintiff cites no federal statute under which defendants might be liable for their alleged actions. To the extent she is seeking to make a claim against the government entity defendants under 42 U.S.C. § 1983, she does not even suggest a custom or policy they pursued that might have violated her constitutional rights. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Further,

3

there is simply no colorable federal claim set forth against defendant Walton, whom plaintiff alleges trespassed on the Dueber Avenue property.[1]

In the event plaintiff has set forth claims arising under state law, there is no jurisdictional basis for such claims based on diversity of citizenship. And, while a federal district court can exercise supplemental jurisdiction over state law claims if there are federal law claims deriving from the same nucleus of operative facts, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), where the federal law claims are dismissed before trial the state law claims should also be dismissed. *Id.* at 726. This Court, therefore, will not examine any potential state law claims, as it declines jurisdiction to consider them in light of the dismissal of the federal law claims.

### III. CONCLUSION

Based on the foregoing, the motion to dismiss filed by defendants Stark County Treasurer, the Stark County Auditor, the Stark County Prosecutor, and Canton Township is **GRANTED** and any purported federal claims are **DISMISSED.** The Court declines to exercise jurisdiction over any supplemental state law claims.

**IT IS SO ORDERED**.

Dated: August 25, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] A previous case filed by plaintiff in this Court against defendant Walton based on similar allegations was dismissed on December 17, 2012 for lack of jurisdiction. *Parker v. Stark County Health Department*, *et al.*, Case No. 5:12 CV 2552, *aff'd*, Sixth Circuit Court of Appeals Case No. 12-4571 (June 10, 2014).