UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH PARKER, | ) | CASE NO.  5:14CV332 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| STARK COUNTY TREASURER, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On February 14, 2014, *pro se* plaintiff Deborah Parker filed this action against a private citizen, Helen Walton, and the following public entity defendants: the Stark County Treasurer, the Stark County Auditor, the Stark County Prosecutor, and Canton Township. (Doc. No. 1 [Compl.].) At the time she filed her complaint, plaintiff paid the $400.00 filing fee.

According to her complaint, plaintiff entered into a payment plan with the Stark County Treasurer in 2011 to pay real estate taxes on property located in Canton, Ohio. On February 10, 2014, Parker received a letter stating that she was in default and that the full amount of the assessed taxes was due. (*Id*. at 2.)  She brought the present action to challenge the finding of default, claiming that the finding was in retaliation for her filing of complaints of racial discrimination with the Ohio Civil Rights Commission. (*Id*.) On August 25, 2014, the Court granted the public entity defendants' motion to dismiss for failure to state a cause of action under Fed. R. Civ. P. 8(a)(2). (Doc. No. 9

[Mem. Op. and Order].) On October 22, 2014, the Court entered an Opinion and Order denying plaintiff's various post-judgment motions. (Doc. No. 17 [Op. and Order].)

Now before the Court is plaintiff's motion to proceed on appeal *in forma pauperis* (Doc. No. 19). Rule 24 of the Federal Rules of Appellate Procedure governs plaintiff's motion. Rule 24(a) requires a movant who desires to proceed *in forma pauperis* on appeal to attach to her motion "an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." In support of her motion, plaintiff has appended an affidavit that provides, in its entirety, that plaintiff is:

> under hospitalization in the intensive out-patient treatment therapy for several mental anxiety disorder and without the necessary funds to secure costs and expenses of action herein, to wit: Case No. 5:14cv332 Deborah Parker vs. Stark County Treasurer, et, al. In the United States District Court Northern District of Ohio Eastern Division.

Plaintiff's affidavit is wholly inadequate, as it fails to provide any of the financial information required in Form 4, including information regarding employment, income, assets, and public assistance. *See* Fed. R. App. P., Appendix, Form 4. A court should only grant leave to proceed *in forma pauperis* when it reasonably appears that paying the cost of the filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Given the lack of financial information provided, and in light of the fact that plaintiff was able to pay the filing fee in the district court, the Court cannot conclude that paying the filing fee on appeal would impose an

undue financial hardship.[1] *See Lister v. Dep't of the Treasury*, 408 F.3d 1309 (10th Cir. 2005) (bald assertion that applicant could not pay the filing fee was insufficient to obtain permission to appeal *in forma pauperis*); *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239 (6th Cir. 2001) (citation omitted).

Even if plaintiff had provided sufficient factual support of her financial status, her application would still be denied for the more fundamental reason that an appeal from the Court's judgment of dismissal could not be taken in good faith. As the Court explained more fully in its Opinion and Order of Dismissal, plaintiff's complaint failed to state a cognizable federal claim. To the extent that her complaint could be generously construed as attempting to raise a claim under 42 U.S.C. § 1983, plaintiff has failed to identify a policy or custom that resulted in the violation of her constitutional rights. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff also failed to alleges any facts that would set forth a colorable federal claim against defendant Walton, a private citizen whom plaintiff alleged trespassed on her property.

Thus, for all of the foregoing reasons, as well as those set forth in the Court's August 25, 2014 Memorandum Opinion and Order, the Court certifies that an appeal from the Court's dismissal of plaintiff's action could not be taken in good faith,

---

[1] The affidavit is also deficient because it fails to "claim [] an entitlement to redress", and further failed to identify "the issues that the party intends to present on appeal." *See* Fed. R. App. P. 24(a)(1) (B) and (C).

and that there is no basis upon which to issue a certificate of appealability. *See* Fed. R. App. P. 24(a)(3)(A). Plaintiff's motion to proceed *in forma pauperis* on appeal is DENIED.

    **IT IS SO ORDERED**.

Dated: January 12, 2015

                                           **HONORABLE SARA LIOI**
                                           **UNITED STATES DISTRICT JUDGE**